was submitted upon which the jury were authorized to base a verdict. In this case, as was said in that case:

"The action was apparently tried at the Trial Term upon the theory that the defendant was a trespasser ab initio and had no right whatever to cut the trees."

Such conclusion is not justifiable, even under the oral contract which was testified to. Under that the defendant was entitled to cut the trees some. Still the verdict of the jury is based upon the proposition that the defendant was not entitled to trim the trees at all. I conclude that the proof given as to the oral conversations and negotiations had between the parties at the time of or prior to the execution of the written instrument was incompetent; and that the reception of such evidence was harmful to the defendant is apparent, also that it was incompetent for the plaintiff to show what the defendant's superintendent, or a man in its employ, said about the plaintiff's claim, or the merits of his action after the execution of the contract, and also that evidence was erroneously admitted tending to establish plaintiff's damages.

The plaintiff is not without remedy in this case. If the defendant has not properly exercised its rights under the written agreement, has unnecessarily injured his trees, he is entitled to recover for such damages so unnecessarily inflicted. It seems to me that the ordinary rules of law, which have been recognized from the earliest period in our jurisprudence, should be adhered to, even if it results in a new trial, where plaintiff will be at liberty to prove his cause of action, if any, in accordance with the law of evidence and the principles established by the courts of this state from time immemorial.

I think that the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide event.

---

## WARD v. BRANSON et al.

(Supreme Court, Appellate Division, Third Department. May 6, 1908.)

1. MORTGAGES—FORECLOSURE—COMPLAINT—"INHERITANCE."

A complaint in an action to foreclose a mortgage securing a bond, which alleged the execution of the bond and mortgage; that the mortgagee died leaving a third person his only heir at law and next of kin, who became the owner of the mortgage by "inheritance"; that the third person died leaving a will by which he bequeathed the mortgage to his executrix, who assigned the same to plaintiff—sufficiently alleged that the third person acquired title to the bond and mortgage, and that plaintiff was the owner of the same, though the word "inheritance" more properly applies to a succession to the title to real estate by the death of the former owner.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 4, pp. 3607, 3608.]

2. REFERENCE—POWER OF REFEREE—DECISION—REVIEW.

Under Code Civ. Proc. §§ 1018, 1228, conferring on a referee on the trial the power of the court, etc., a referee appointed to hear, try, and determine has the same power as the Special Term, and his decision can be reviewed only by an appeal from the judgment to the Appellate Division, though an application to the Special Term is necessary to make the formal parts of the judgment.

3. PLEADING—AMENDMENT—TIME FOR ALLOWANCE.

Where the trial court received over objection evidence not warranted by the complaint, the error could not be cured after decision by amendment.

Appeal from Special Term, Albany County.

Action by Gilbert Ward against Anna May Branson and others. From an order denying an application to amend the complaint, and from an order denying a motion for judgment on the report of the referee in an action for the foreclosure of a mortgage, plaintiff appeals. Order denying motion for judgment reversed, and an order denying motion to amend complaint affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Ward & Cameron (Walter E. Ward, of counsel), for appellant.
A. D. Lent, for respondents.

JOHN M. KELLOGG, J. The referee's report contained the necessary findings upon which to base the judgment asked. Judgment was refused apparently upon the ground that the referee erroneously received evidence over defendants' objection and exception. The complaint alleged the execution of the bond and mortgage and default, and asked a sale of the property for the payment of the mortgage debt and for general relief. It alleged that Betsy Ann Gibbons, the mortgagee, died in March, 1893, leaving George Holly her only heir at law and next of kin, and who became the owner of said mortgage by inheritance, and that the said George Holly died leaving a last will and testament, duly admitted to probate, by which he bequeathed said mortgage to Sally M. Holly, who was named executrix of said will, and that she assigned the mortgage to the plaintiff. Upon the trial objection was raised that no assignment of the bond or title to the bond was alleged, and that the plaintiff had no title as the said George Holly could not transfer title to said mortgage. The action was commenced in December, 1906, and interest was unpaid from April 1, 1906. It was proved under like objection and exception that letters of administration were duly issued to George Holly upon Betsy Ann Gibbons' estate March 27, 1893. The allegation that George Holly was the only next of kin and became the owner of the mortgage by inheritance I think is a sufficient allegation of title in him. The word "inheritance" more properly applies to a succession to the title to real estate by the death of the former holder, but in this place in the complaint it could have but one meaning, and can only be understood as alleging that, upon the death of the mortgagee, he succeeded to this mortgage as her only next of kin. In order to gain full title to it, he must bear that relation to her, and the personal representative of the estate must assent to or acquiesce in his taking this particular property. I think, therefore, the proof of the letters of administration was properly received. It is true the bond is the principal obligation and the mortgage would pass with it, but I think this complaint alleging that he acquired the title to the mortgage in this way is only consistent with the idea that he acquired the bond and mortgage.

The reference was to hear, try, and determine. The referee, therefore, had the same power as the Special Term, and it cannot review and reverse or set aside his decision. Code Civ. Proc. §§ 1018, 1228; Albany Brass & Iron Co. v. Hoffman, 30 App. Div. 76, 51 N. Y. Supp. 779. An application to the Special Term was necessary to make the formal parts of the judgment and to appoint a referee, but it could not review or disregard the decision of the referee. Such review could only be had by an appeal from the judgment to the Appellate Division.

We have seen that it was unnecessary to amend the complaint. If the Trial Court had received evidence over the defendants' objection and exception which was not warranted by the complaint, the error could not be cured after decision by an amendment to the complaint. The motion to amend was therefore properly denied.

The order denying the plaintiff's motion for a judgment should be reversed, and the matter remitted to the Special Term for judgment. The order denying the motion to amend the complaint should be affirmed. No costs should be allowed. All concur.