## BOYLAN v. GEORGE et al.

(Supreme Court, Appellate Division, Third Department. June 24, 1909.)

PARTITION (§ 112*)—INTERLOCUTORY JUDGMENT—FINAL JUDGMENT.

An interlocutory judgment in partition, which determines the rights of the parties and orders a sale, as provided by Code Civ. Proc. § 1546, is res adjudicata, and the court, on application to review the sale, cannot, on finding that the sale was fairly and regularly conducted, refuse to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

grant final judgment, as provided by section 1577; any remedy of a party aggrieved by the interlocutory judgment being by appeal.

[Ed. Note.—For other cases, see Partition, Dec. Dig. § 112.*]

Appeal from Trial Term, Madison County.

Action by Julia Boylan against Mary George and others. From an order denying final judgment, plaintiff appeals. Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

William F. Santry, for appellant.

William J. McClusky, for respondents.

COCHRANE, J. This is an action to partition about 32 acres of land in the city of Oneida. An answer was interposed, alleging, among other things, that the land in question was part of the original Oneida Indian reservation and could not for that reason be partitioned or sold. The issues formed by the pleadings were by stipulation of the parties referred to a referee to hear and determine. After a trial of the issues before the referee, the latter made his report, wherein he found as facts that:

"The defendants herein are all descendants of those members of the Oneida Indian tribe who remained in this state after the removal of their said tribe to the state of Wisconsin; that they mingled with the whites, dealt with the whites, and lived among them; that said parties have no relations with the said Oneida tribe, nor have they for the last 40 years maintained or supported any tribal government."

As legal conclusions the referee found:

"That all of the conveyances by or through which the parties to this action hold title to the property in question are valid and legal, and that the parties making the same were at the time of the making thereof legally competent to convey real estate without supervision or restraint; that the plaintiff is entitled to an interlocutory decree of sale of the whole of the premises described in the complaint, and to a division of the proceeds of the said sale among the owners of said property according to their respective shares and interests as set forth in the findings herein."

On said report interlocutory judgment was entered declaring the rights, shares, and interests of the parties in the property as found by said referee, and appointing a referee to sell the property. Pursuant to such interlocutory judgment the referee sold the property, made his report of sale, and application for final judgment was made based thereon. This application was opposed, not only by the defendants, but also by the Attorney General, and was denied by the court at Special Term on the ground, as stated in the order appealed from:

"That no title to, or estate or interest whatever in, the lands sought to be partitioned in this action is or at any time has been vested in the plaintiff, and that the plaintiff has not and never had the right to maintain an action for the partition of said lands."

The learned court at Special Term was clearly in error in the practice pursued. Whatever right of protection the defendants may have as against the efforts of the plaintiff to partition the land in question, that right was litigated and decided adversely to them by the referee,

and his determination, until reversed on appeal, is conclusive. The interlocutory judgment, based on the report of the referee, determined the rights of the parties. Code Civ. Proc. § 1546. It was res adjudicata as to the questions raised on the application for final judgment. The only function of the court on that application was to review the sale made pursuant to the interlocutory judgment, and, if found to have been fairly and regularly conducted, to confirm the same, and to make directions concerning the execution of the proper conveyances and the application of the proceeds of sale. Code Civ. Proc. § 1577. The refusal of the court to grant final judgment was in effect a reversal of the interlocutory judgment, and clearly beyond the power of the court at Special Term. Ward v. Bronson, 126 App. Div. 508, 110 N. Y. Supp. 335; Albany Brass & Iron Company v. Hoffman, 30 App. Div. 76, 51 N. Y. Supp. 779; Foley v. Foley, 15 App. Div. 276, 44 N. Y. Supp. 588; Columbia Mutual Building & Loan Association v. Mittnacht, 62 App. Div. 425, 70 N. Y. Supp. 1098; Kennedy v. McKone, 10 App. Div. 97, 41 N. Y. Supp. 577; Manwaring v. Lippincott, 34 Misc. Rep. 123, 69. N. Y. Supp. 461. All questions involved herein, including the question of jurisdiction, have been determined adversely to the defendants, and, if aggrieved, their remedy is by an appeal in the manner provided by law.

The order must be reversed, with $10 costs and disbursements, and the motion remitted to the Special Term. All concur.