■ ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION, Appellant, v NONG YAW TRAKANSOOK, Also Known as NONGYAW TRAKANSOOK, Respondent, et al., Defendant. [796 NYS2d 365]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Durante, J.), dated September 26, 2003, which, inter alia, denied its motion to hold the defendant Nong Yaw Trakansook, also known as Nongyaw Trakansook, in default of a previous order of the same court dated August 15, 2002.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The plaintiff commenced this action against the respondent Nong Yaw Trakansook, also known as Nongyaw Trakansook, to foreclose on her mortgage which secured a loan on a certain two-family dwelling in Queens. By order dated August 15, 2002 the Supreme Court, Queens County, granted the respondent's motion, inter alia, to set aside a foreclosure sale to the extent that she could redeem the property within 20 days of service of the order with notice of its entry. The court directed the respondent to redeem the mortgage by paying with certified checks the sums due to satisfy the mortgage debt as set forth in a letter sent by the plaintiff's attorney to the respondent's attorney on March 27, 2002 (hereinafter the March 27th letter). The March 27th letter demanded the sum of $120,955.12 for the principal of the mortgage debt with interest computed to April 4, 2002. It also demanded $18,286.19 in foreclosure costs and disbursements. While the respondent submitted certified checks in the amount of the mortgage's principal and interest, she only sent a photocopy of a check for the $18,286.19 in foreclosure costs and disbursements.

Subsequently, the plaintiff moved to hold the defendant in default, but in an order dated September 26, 2003, the court denied its motion. The court held that the respondent made a "good faith" tender of sufficient funds to successfully redeem her property. We reverse.

When a "mortgagor is in default and the mortgagee brings an action to foreclose the mortgage, the mortgage lien is also security for the costs and disbursements of the action" (*Grady v Utica Mut. Ins. Co.*, 69 AD2d 668, 674 [1979]). Indeed, in order to present a viable defense of sufficient tender in a mortgage foreclosure action, the mortgagor must show that he or she has tendered an amount that includes the principal of the mortgage debt and any costs of the foreclosure action to which the mortgagee is entitled (*see Eaton v Wells*, 82 NY 576, 579 [1880]; *see also Sidenberg v Ely*, 90 NY 257, 262 [1882]). Moreover, in order to validly redeem one's property, the mortgagor must pay "the amount due for principal and interest and the costs of the action, together with the expenses of the proceedings to sell, if any" (RPAPL 1341).

In this case, the respondent did not actually pay the $18,219.49 in foreclosure costs and disbursements as demanded in the March 27th letter. A "good faith" effort in submitting a photocopy of such a check was not sufficient to redeem the

property under the circumstances of this case. Accordingly, the Supreme Court erred in denying the plaintiff's motion to hold the respondent in default.

In light of the above, the parties' remaining contentions have been rendered academic. Florio, J.P., Krausman, Luciano and Fisher, JJ., concur.