■ NONG YAW TRAKANSOOK, Appellant, v 39 WOOD REALTY CORP., Respondent, and ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant. [796 NYS2d 367]—

In an action, inter alia, to set aside and vacate a referee's deed conveying certain real property after a foreclosure sale, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Weiss, J.), dated July 14, 2003, which granted the motion of the defendant 39 Wood Realty Corp. for summary judgment dismissing the complaint insofar as asserted against it and (2), as limited by its brief, from so much of an order of the same court, dated December 11, 2003, as upon renewal, adhered to the prior determination.

Ordered that the appeal from the order dated July 14, 2003, is dismissed, as that order was superseded by the order dated December 11, 2003, made upon renewal; and it is further,

Ordered that the order dated December 11, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant 39 Wood Realty Corp.

Contrary to the plaintiff's contention, the Supreme Court

properly granted the motion of the defendant 39 Wood Realty Corp. for summary judgment dismissing the complaint insofar as asserted against it because "a court of coordinate jurisdiction has no authority to rule on a matter already reviewed by another Judge of equal authority" (*DeLanoy v O'Rourke*, 276 AD2d 728, 729 [2000]; *see Belcher Co. v City of New York*, 157 AD2d 585, 586 [1990]; *Kleinberg v American Mayflower Life Ins. Co.*, 106 AD2d 268 [1984]). In this action, the plaintiff interposes claims that were already reviewed and ruled upon in a pending foreclosure action against the plaintiff (*see Astoria Fed. Sav. & Loan Assn. v Nong Yaw Trakansook*, 18 AD3d 586 [2005] [decided herewith]). Florio, J.P., Krausman, Luciano and Fisher, JJ., concur.