■ URBANO A. GUAMAN, Appellant, v PETER TRAN, Respondent. [860 NYS2d 197]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), entered April 5, 2007, which granted the defendant's motion for leave to reargue a prior motion to dismiss the complaint pursuant to CPLR 3211 (a) (8), which had been determined in an order of the same court (Kurtz, Ct. Atty. Ref.), dated September 29, 2006, and, upon reargument, vacated the order dated September 29, 2006, and referred the matter to Judicial Hearing Officer Luigi R. Marano for a new hearing on the issue of whether the summons and complaint were properly served and for a new determination of the motion to dismiss the complaint thereafter.

Ordered that the order entered April 5, 2007 is reversed, on the law, with costs, and the defendant's motion for leave to reargue his motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) is remitted to the Supreme Court, Kings County, before Referee Nina Kurtz, for a determination thereof.

The plaintiff and the defendant were involved in a motor vehicle accident on December 10, 2001. The plaintiff commenced the instant action on December 8, 2004. On December 18, 2004, the plaintiff allegedly caused the summons and complaint to be served upon the defendant pursuant to the "deliver and mail" provisions of CPLR 308 (2). The defendant moved, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (8) on the ground that the summons and complaint were not properly served upon him. In an order dated November 22, 2005, the Supreme Court, upon the stipulation of the parties, referred this matter to a referee for a hearing on the issue of the propriety of service and a determination of the motion thereafter.

The hearing was held before Court Attorney Referee Nina Kurtz on July 7, 2006. In an order dated September 29, 2006 Referee Kurtz denied the defendant's motion to dismiss the complaint, upon finding that service was proper. Thereafter, the defendant moved for leave to reargue his motion to dismiss the complaint. The defendant's notice of motion made the motion returnable before Referee Kurtz, denominating her as "JHO Nina Kurtz." The plaintiff opposed the motion on both procedural and substantive grounds.

However, the motion for leave to reargue was heard by Justice Arthur M. Schack, the Justice who had referred the initial motion to dismiss the complaint to Referee Kurtz. Justice Schack granted reargument and, upon reargument, noted that he had not intended to refer the initial motion to dismiss the complaint to a referee to hear and determine, but had rather intended to

refer the motion to a Judicial Hearing Officer (hereinafter JHO) to hear and determine, vacated the order dated September 29, 2006, and set the matter down for a de novo hearing and determination on the issue of service before JHO Luigi R. Marano. This was error. Since this was a motion to reargue a prior motion, it should have been submitted to the person who made the original determination (*see* CPLR 2221 [a]; *People v Jennings,* 69 NY2d 103, 113-114 [1986]; *Spahn v Griffith,* 101 AD2d 1011, 1012 [1984]; *see also Albany Brass & Iron Co. v Hoffman,* 30 App Div 76 [1898]; *Boylan v George,* 133 App Div 514 [1909]), here, a referee who has the same powers as a justice or judge on a matter referred to that referee for determination (*see* Judiciary Law § 117; CPLR 4301; *Muir v Cuneo,* 267 AD2d 439 [1999]; *Albany Brass & Iron Co. v Hoffman,* 30 App Div 76 [1898]; *Boylan v George,* 133 App Div 514, 515-516 [1909]).

The Supreme Court erred in arrogating to itself the authority to determine the motion for leave to reargue and then determining an issue not presented to it by the parties. Accordingly, the order appealed from must be reversed and the motion for reargument remitted to Referee Kurtz for a determination.

In light of our determination, we need not reach the parties' remaining contentions. Florio, J.P., Miller, Dillon and McCarthy, JJ., concur.