■ SUSAN DOSCHER, Respondent, v JUDE DREW DOSCHER, Appellant. [865 NYS2d 238]—

In an action for a divorce and ancillary relief, the defendant appeals, by permission, from an order of the Supreme Court, Nassau County (Ross, J.), entered November 8, 2007, which granted the plaintiff's application for leave to renew and reargue her prior motion pursuant to CPLR 3124 to compel him to submit to a deposition, which previously had been denied in an order of the same court (Marber, J.), dated October 9, 2007, and, upon renewal and reargument, in effect, vacated the order dated October 9, 2007, and granted the plaintiff's motion pursuant to CPLR 3124 to compel him to submit to a deposition.

Ordered that the order entered November 8, 2007 is reversed, on the law, with costs, and the matter is remitted to Justice Randy Sue Marber of the Supreme Court, Nassau County, to determine the plaintiff's application for leave to renew and reargue her motion pursuant to CPLR 3124 to compel the defendant to submit to a deposition.

CPLR 2221 (a) provides, inter alia, that any motion for leave to renew or reargue a prior motion shall be made to the judge who signed the order deciding the prior motion, unless that judge is unable to hear the motion. "The design of the rule is to prevent a second judge of the same court from sitting in effect as an appellate court over a colleague" (Siegel, NY Prac § 253, at 433 [4th ed]).

Here, Justice Ross improperly entertained the plaintiff's application for leave to renew and reargue her motion to compel the defendant to submit to a deposition, since there was no demonstration by the plaintiff that the Justice who signed the prior order was no longer available to entertain the application (*see* CPLR 2221 [a]). Justice Ross had no authority to rule on a matter already reviewed by another Justice of equal authority, and by ruling on the application for leave to renew and reargue, Justice Ross, in effect, improperly overruled a court of coordinate jurisdiction (*see People v Evans,* 94 NY2d 499,504 [2000]; *Matter of Dondi v Jones,* 40 NY2d 8,15 [1976]; *Nong Yaw Trakansook v 39 Wood Realty Corp.,* 18 AD3d 633 [2005]; *Matter of Eisenstadt v Eisenstadt,* 277 AD2d 378 [2000]; *Clearwater Realty Co. v Hernandez,* 256 AD2d 100 [1998]). Rivera, J.P., Spolzino, Dickerson and Eng, JJ., concur.