DAVID GROSSMAN, Respondent, v MARIA COMPOSTO-LONGHI, Appellant. [948 NYS2d 95]—

In a matrimonial action in which the parties were divorced by judgment entered August 16, 2005, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Buetow, Ct. Atty. Ref.), dated July 20, 2009, which, after a hearing, granted the plaintiff's motion for a downward modification of his child support obligation, (2) an order of the same court (Garguilo, J.) dated April 8, 2010, which granted those branches of the plaintiff's motion which were to transfer a proceeding entitled *Matter of Composto-Longhi v Grossman*, pending in Family Court, Suffolk County, under docket No. F-06377-08, to the Supreme Court, Suffolk County, and to vacate orders of the Family Court, Suffolk County, dated September 29, 2008, and April 10, 2009, respectively, awarding the defendant a retroactive increase in child support, and (3) an order of the same court (Garguilo, J.) dated May 11, 2010, which denied her motion, inter alia, pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiff and his counsel.

Ordered that the orders dated July 20, 2009, and May 11, 2010, are affirmed, without costs or disbursements; and it is further,

Ordered that the order dated April 8, 2010, is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was to vacate orders of the Family Court, Suffolk County, dated September 29, 2008, and April 10, 2009, respectively, awarding the defendant a retroactive increase in child support, and substituting therefor a provision denying that branch of the motion; as so modified, the order dated April 8, 2010, is affirmed, without costs or disbursements.

Pursuant to the parties' stipulation of settlement dated April 22, 2005, which was incorporated but not merged into their judgment of divorce entered August 16, 2005, the plaintiff agreed to pay child support to the defendant in the sum of

$3,000 per month. In an order dated September 29, 2008, the Family Court granted the defendant's petition for an upward modification and increased the plaintiff's child support obligation to $4,340 per month. The plaintiff moved, inter alia, for a downward modification of his child support obligation in the Supreme Court, Suffolk County. In an order dated July 20, 2009, the Supreme Court, after a hearing, granted the plaintiff's motion for a downward modification of his child support obligation. Thereafter, in an order dated April 8, 2010, the Supreme Court granted those branches of the plaintiff's motion which were to transfer a proceeding entitled *Matter of Composti-Longhi v Grossman,* which was pending in Family Court, Suffolk County, under docket No. F-06377-08, to the Supreme Court, Suffolk County, and to vacate orders of the Family Court dated September 29, 2008, and April 10, 2009, respectively, granting the defendant a retroactive increase in child support. Additionally, in an order dated May 11, 2010, the Supreme Court denied the defendant's motion, inter alia, pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiff and his counsel.

" 'An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal' " (*Gandolfi v Gandolfi,* 66 AD3d 834, 835 [2009], quoting *NYCTL 1998-1 Trust v Shahipour,* 29 AD3d 965, 965 [2006]; *see Mure v Mure,* 92 AD3d 653 [2012]; *Christian v Graham,* 73 AD3d 676, 677 [2010]). "The appendix shall contain those portions of the record necessary to permit the court to fully consider the issues which will be raised by the appellant and the respondent" (22 NYCRR 670.10-b [c] [1]; *see* CPLR 5528 [a] [5]). Here, contrary to the plaintiff's contention, the appendix and supplemental appendix, which contain copies of the notices of motion and the affidavits/affirmations filed in support, opposition, and reply thereto, are adequate to determine the issues raised on the instant appeals (*see Love v Rockwell's Intl. Enters., LLC,* 83 AD3d 914, 916 [2011]).

The Supreme Court properly exercised its concurrent jurisdiction with the Family Court (*see* NY Const, art VI, § 7 [a]) in entertaining the plaintiff's motion for a downward modification of his child support obligation. Moreover, on the merits, the plaintiff demonstrated his entitlement to a downward modification of his child support obligation. A party seeking downward modification of a support obligation has the burden of showing a substantial change in circumstances and that he used his best

efforts to obtain employment commensurate with his qualifications and experience (*see* Domestic Relations Law § 236 [B] [9] [b] [1]; *Matter of Rodriguez v Mendoza-Gonzalez*, 96 AD3d 766 [2d Dept 2012]; *Matter of Atabay v Cinar*, 96 AD3d 832 [2d Dept 2012]). Here, the plaintiff showed that his prior employment was terminated through no fault of his own and that, despite his efforts to secure employment commensurate with his qualifications and experience, he was only able to obtain a position at a much lower salary.

However, the Supreme Court should not have granted that branch of the plaintiff's motion which was to vacate orders of the Family Court, Suffolk County, dated September 29, 2008, and April 10, 2009, granting the defendant a retroactive increase in child support. "A court of coordinate jurisdiction has no authority to rule on a matter already reviewed by another Judge of equal authority" (*Matter of DeLanoy v O'Rourke*, 276 AD2d 728, 729 [2000]; *see Doscher v Doscher*, 54 AD3d 890, 891 [2008]; *Nong Yaw Trakansook v 39 Wood Realty Corp.*, 18 AD3d 633, 634 [2005]; *Matter of Guidroz v Bochenski*, 170 AD2d 1042 [1991]). Additionally, the Supreme Court had "no discretion to reduce or cancel arrears of child support which accrue before an application for downward modification of the child support obligation" (*Hasegawa v Hasegawa*, 290 AD2d 488, 490 [2002]; *see Matter of Dox v Tynon*, 90 NY2d 166, 175-176 [1997]; *Dembitzer v Rindenow*, 35 AD3d 791, 793 [2006]; *Matter of Jenkins v McKinney*, 21 AD3d 558 [2005]).

The defendant's remaining contentions are either without merit or not properly before this Court on these appeals, as they involve matters that were not the subject of the orders appealed from. Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.