Paint-Tech America, Inc., Appellant,
against
Kathy Papagapitos, Respondent, and Mayfair Group, LLC, Defendant.
Frank De Sousa, Esq., for appellant.
Socrates 
Scott L. Nicholas, Esq., Socrates Scott L. Nicholas, Esq., for respondent.



Appeal from an order of the District Court of Nassau County, First District (Scott Fairgrieve, J.), dated August 14, 2015. The order (1) granted a motion by defendant Kathy Papagapitos, in effect, for leave to reargue the branch of her prior cross motion seeking to dismiss, for lack of personal jurisdiction, so much of the complaint as was asserted against her, which had been denied in an order of the same court (Douglas J. Lerose, J.) dated September 27, 2013, and, (2) upon reargument, granted that branch of the prior cross motion.




ORDERED that the order dated August 14, 2015 is reversed, without costs, and the matter is remitted to the District Court for a determination by Judge Douglas J. Lerose of the motion by defendant Kathy Papagapitos, in effect, for leave to reargue the branch of her prior cross motion seeking to dismiss, for lack of personal jurisdiction, so much of the complaint as was asserted against her.
Plaintiff commenced this action against defendant Kathy Papagapitos and defendant Mayfair Group, LLC (Mayfair) to recover the sum of $12,075 allegedly due after plaintiff's completion of a painting and wallpapering job in Papagapitos's Manhattan cooperative apartment. Papagapitos served a verified answer in which she asserted a cross claim against Mayfair and raised, as an affirmative defense, that plaintiff lacked personal jurisdiction over her.
After defendant Mayfair failed to appear or answer the complaint, plaintiff moved, pursuant to CPLR 3215 (a), for leave to enter a default judgment in the sum of $12,075 as against Mayfair. Papagapitos cross-moved to, among other things, dismiss so much of the complaint as was asserted against her, pursuant to CPLR 3211 (a) (8), for lack of personal jurisdiction, stating, in a supporting affidavit, that she had never had a residence or work address in Nassau County, and that she had had no business dealings or contractual relationship with plaintiff. In an order dated September 27, 2013, the District Court (Douglas J. Lerose, J.) denied plaintiff's motion for leave to enter a default judgment as against Mayfair, and denied the branch of Papagapitos's cross motion seeking to dismiss so much of the complaint as was asserted against her due to lack of personal jurisdiction, on the stated ground that that branch of the cross motion had been rendered moot because plaintiff had furnished proof that Papagapitos had been personally served.
In June 2015, Papagapitos moved to dismiss so much of the complaint as was asserted against her, making the same allegations that she had made in her affidavit in support of her prior cross motion. Plaintiff opposed the motion stating, among other things, that the motion, at the very least, should be referred to Judge Lerose, for his reconsideration. In an order dated August 14, 2015, from which plaintiff appeals, the District Court (Scott Fairgrieve, J.) granted Papagapitos's motion and dismissed so much of the complaint as was asserted against her "without prejudice to the action being commenced in a proper jurisdiction."
With certain exceptions not relevant to this case, CPLR 2221 (a) provides, in pertinent part, that a motion affecting a prior order "shall be made, on notice, to the judge who signed the order, unless he or she is for any reason unable to hear it." CPLR 2221 (c) further provides that "[a] motion made to other than a proper judge under this rule shall be transferred to the proper judge."
Papagapitos's motion, although denominated a motion to dismiss so much of the complaint as was asserted against her, was, in effect, a motion for leave to reargue the branch of her prior cross motion seeking to dismiss so much of the complaint as was asserted against her on the same grounds as raised previously. As such, the motion should have been "addressed to the sound discretion of . . . Judge [Lerose] who decided the prior [cross] motion" (Rodney v New York Pyrotechnic Prods. Co., 112 AD2d 410, 411 [1985]). Since there was no indication in the record that Judge Lerose was unavailable to hear Papagapitos's motion, Judge Fairgrieve improperly entertained the motion and, in effect, overruled a court of coordinate jurisdiction (see Doscher v Doscher, 54 AD3d 890 [2008]; Guaman v Tran, 52 AD3d 656 [2008]; Slomin's, Inc. v Christiani, 43 Misc 3d 132[A], 2014 NY Slip Op 50621[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; Davis Alarms, Inc. v Landezabad, 28 Misc 3d 135[A], 2010 NY Slip Op 51358[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]).
Accordingly, the order dated August 14, 2015 is reversed and the matter is remitted to the District Court for a determination by Judge Lerose of defendant Papagapitos's motion.
Iannacci, J.P., Tolbert and Brands, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 07, 2017