Mejia v 69 Mamaroneck Rd. Corp. (2024 NY Slip Op 05974)

Mejia v 69 Mamaroneck Rd. Corp.

2024 NY Slip Op 05974

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
JAMES MCCORMACK, JJ.

2021-03826
 (Index No. 63575/17)

[*1]Roger Mejia, appellant, 
v
69 Mamaroneck Road Corp., et al., respondents, et al., defendants (and a third-party action).

Gorayeb & Associates, P.C., New York, NY (John M. Shaw of counsel), for appellant.
Kaufman Borgeest & Ryan, LLP, Valhalla, NY (Lisa Fleischmann and Jacqueline Mandell of counsel), for respondent WR Home Builders, LLC.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Alexandra D. Murphy, J.), dated April 22, 2021. The order (1) granted the motion of the defendant WR Home Builders, LLC, for summary judgment dismissing the complaint insofar as asserted against it, and (2), upon searching the record, vacated so much of a prior order of the same court (William J. Giacomo, J.), dated July 11, 2019, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6) against the defendants 69 Mamaroneck Road Corp. and JBD Development Corp., and thereupon, denied that branch of the motion.
ORDERED that the order is modified, on the law, by deleting the provision thereof, upon searching the record, vacating so much of the order dated July 11, 2019, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6) against the defendants 69 Mamaroneck Road Corp. and JBD Development Corp., and thereupon, denying that branch of the motion; as so modified, the order is affirmed, with costs to the defendant WR Home Builders, LLC.
While working as a roofer, the plaintiff fell through a chimney opening in a flat roof and sustained injuries. The plaintiff commenced this action against the defendants 69 Mamaroneck Road Corp. (hereinafter 69 Mamaroneck Road), the owner of the subject property, and JBD Development Corp. (hereinafter JBD Development), the general contractor for the construction project, alleging common-law negligence and violations of the Labor Law. The plaintiff moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) against 69 Mamaroneck Road and JBD Development. In an order dated July 11, 2019 (hereinafter the July 2019 order), the Supreme Court granted that branch of the motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6) and denied that branch of the motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The plaintiff [*2]appealed. In a decision and order dated March 9, 2022, this Court reversed so much of the July 2019 order as denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) against 69 Mamaroneck Road and JBD Development (see Mejia v 69 Mamaroneck Rd. Corp., 203 AD3d 815).
In December 2018, the plaintiff commenced a separate action (hereinafter the December 2018 action) against, among others, the defendant WR Home Builders, LLC (hereinafter WR), the framing contractor on the project. In an order dated November 6, 2019, the Supreme Court consolidated the December 2018 action with this action. Thereafter, WR moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated April 22, 2021, the court granted WR's motion. In addition, upon searching the record, the court vacated so much of the July 2019 order as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6) against 69 Mamaroneck Road and JBD Development, and thereupon, denied that branch of the motion. The plaintiff appeals.
The Supreme Court properly granted those branches of WR's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against it. "Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374). Labor Law § 241(6) imposes a nondelegable duty upon an owner, general contractor, and their agents "to provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (McNamara v Gusmar Enters, LLC, 204 AD3d 779, 782 [internal quotation marks omitted]; see Labor Law § 241[6]). An agent of an owner or general contractor "must have the authority to control the activity bringing about the injury so as to enable it to avoid or correct the unsafe condition" (Sanders v Sanders-Morrow, 177 AD3d 920, 922 [internal quotation marks omitted]).
Here, WR established, prima facie, that it was not an owner, general contractor, or an agent of an owner or general contractor. There is no dispute that WR was not an owner or a general contractor on this project, and WR established, prima facie, that it had no authority to control or supervise the plaintiff's work or the plaintiff's safety practices (see Pereira v Hunt/Bovis Lend Lease Alliance II, 193 AD3d 1085, 1089). In opposition, the plaintiff failed to raise a triable issue of fact.
Similarly, the Supreme Court properly granted those branches of WR's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it. Labor Law § 200 is a codification of the common-law duty imposed upon owners and general contractors to provide workers with a safe work site (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352). "Claims arising under Labor Law § 200 fall into two categories, namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Vazquez v Humboldt Seigle Lofts, LLC, 145 AD3d 709, 710 [internal quotation marks omitted]). To be held liable under Labor Law § 200 for injuries arising from a dangerous or defective premises condition, a defendant must have "had control over the work site and either created the dangerous condition or had actual or constructive notice of it" (Doto v Astoria Energy II, LLC, 129 AD3d 660, 663 [internal quotation marks omitted]).
Here, WR established, prima facie, that it did not create the dangerous condition and that it had no actual or constructive notice of it. WR's president, Walter Reis De Aguilar, testified at his deposition that while WR created the opening in the roof for a chimney, De Aguilar himself covered the chimney opening with three-quarter-inch plywood and secured the plywood with nails before the roofers, including the plaintiff, began their work. In opposition, the plaintiff failed to raise a triable issue of fact.
"To be held liable under Labor Law § 200 for injuries arising from the manner in [*3]which work is performed, a defendant must have authority to supervise or control the methods or materials of the injured plaintiff's work" (Pacheco v Smith, 128 AD3d 926, 926). Here, WR established, prima facie, that it had no such authority with regard to the plaintiff's work. In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff correctly contends that the Supreme Court erred in, upon searching the record, vacating so much of the July 2019 order as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6) against 69 Mamaroneck Road and JBD Development, and thereupon denying that branch of the motion. Although the court has the authority to search the record and grant summary judgment to a nonmoving party (see CPLR 3212[b]; JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 385), the "power to search the record and afford a nonmoving party summary relief is not . . . boundless" (Dunham v Hilco Constr. Co., 89 NY2d 425, 429). Thus, "a court may search the record and grant summary judgment in favor of a nonmoving party only with respect to a cause of action or issue that is the subject of the motions before the court" (id. at 429-430; see McKee v Great Atl. & Pac. Tea Co., 73 AD3d 872). Here, the court improperly considered an issue that was not the subject of the motion before it (see Guaman v Tran, 52 AD3d 656), as no party requested that the court reconsider the issue of the liability of 69 Mamaroneck and JBD Development on the cause of action alleging a violation of Labor Law § 241(6). The court had before it only WR's motion for summary judgment dismissing the complaint insofar as asserted against it.
In light of our determination, we need not reach WR's remaining contentions.
IANNACCI, J.P., MALTESE, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court