■ Robert Costanza, Plaintiff, v Skyline Towers 5 et al., Defendants and Third-Party Plaintiffs-Respondents. P.S. Marcato Elevator Co., Inc., Third-Party Defendant-Appellant. [778 NYS2d 720]—In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Queens County (Price, J.), dated January 13, 2004, which, in effect, denied those branches of its motion which were to sever the third-party action and to vacate the note of issue and granted that branch of its motion which was, in the alternative, to compel discovery only to the extent of directing a deposition of the defendants third-party plaintiffs and a physical examination of the plaintiff.

Ordered that the order is modified, on the law and as a matter of discretion, by (1) deleting the provision thereof granting that branch of the motion which was, in the alternative, to compel discovery only to the extent of directing a deposition of the defendants third-party plaintiffs and a physical examination of the plaintiff, and (2) deleting the provision thereof, in effect,

denying that branch of the motion which was to vacate the note of issue and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the appellant.

Under the circumstances, the Supreme Court improvidently exercised its discretion in denying that branch of the appellant's motion which was to vacate the note of issue in order to permit it to conduct discovery proceedings (*see generally Audiovox Corp. v Benyamini,* 265 AD2d 135 [2000]; 22 NYCRR 202.21 [e]).

In view of our determination, we do not reach the appellant's contention that the third-party action should have been severed. Florio, J.P., Luciano, Townes and Fisher, JJ., concur.