◼ PATRICIA TENORE, Appellant-Respondent, v THOMAS TENORE, Respondent-Appellant. [844 NYS2d 704]—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated October 2, 2006, as denied that branch of her motion which was for a protective order quashing the subpoena served upon her infant daughter, a nonparty witness, and the defendant husband cross-appeals, as limited by his brief, from so much of the same order as denied that branch of his cross motion which was for summary judgment dismissing the second cause of action.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

A party seeking disclosure from a nonparty witness pursuant to CPLR 3101 (a) (4) must state the "circumstances or reasons" warranting discovery from such nonparty witness (*see Smith v Moore*, 31 AD3d 628 [2006]; *Matter of Lutz v Goldstone*, 31 AD3d 449, 450-451 [2006]). Here, the husband met this requirement

by establishing that the information sought to be discovered could not be obtained from other sources (*see Smith v Moore,* 31 AD3d 628, 629 [2006]).

With respect to the cross appeal, the husband failed to establish, prima facie, his entitlement to judgment as a matter of law dismissing the second cause of action (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *McDonald v Mauss,* 38 AD3d 727 [2007]; *Marek v Burmester,* 37 AD3d 668 [2007]). Accordingly, the court properly denied that branch of his motion which was for summary judgment dismissing the second cause of action.

The husband's remaining contention is not properly before this Court (*see Katz v Katz,* 68 AD2d 536, 542-543 [1979]). Crane, J.P., Krausman, Fisher and Lifson, JJ., concur.