■ Elizabeth Kondratick, Respondent, v Orthodox Church in America, Appellant, et al., Defendant. (Action No. 1.) Orthodox Church in America, Appellant, v Robert S. Kondratick, et al., Respondents. (Action No. 2.) [900 NYS2d 360]—In related actions, inter alia, to recover damages for breach of contract, the Orthodox Church in America, a defendant in action No. 1 and the plaintiff in action No. 2, appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Martin, J.), entered May 1, 2009, as amended May 29, 2009, as granted the motion of Elizabeth Kondratick, the plaintiff in action No. 1 and a defendant in action No. 2, to quash two subpoenas duces tecum served by the Orthodox Church in America upon the nonparty JP Morgan Chase Bank.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of Elizabeth Kondratick, the plaintiff in action No. 1 and a defendant in action No. 2, to quash two subpoenas duces tecum served by the Orthodox Church in America upon the nonparty JP Morgan Chase Bank is denied.

Although the general rule is that there shall be "full disclosure of all matter material and necessary in the prosecution . . . of an action" (CPLR 3101 [a]; *see Auerbach v Klein*, 30 AD3d 451 [2006]), nevertheless, "unlimited disclosure is not permitted" (*Silcox v City of New York*, 233 AD2d 494 [1996]). A party seeking disclosure from a nonparty witness, in addition to demonstrating that the disclosure sought is material and neces-

sary, must also set forth circumstances or reasons why disclosure is sought or required from a nonparty (*see* CPLR 3101 [a] [4]; *Tenore v Tenore*, 45 AD3d 571, 571-572 [2007]). Here, the Orthodox Church in America (hereinafter the appellant) satisfied this requirement. In light of the claims made by the plaintiff in action No. 1, the information sought in the subpoenas by the appellant is relevant, material, and necessary, and unavailable through other means. Accordingly, the Supreme Court should have denied the motion to quash the subpoenas (*see Tenore v Tenore*, 45 AD3d at 571-572; *Thorson v New York City Tr. Auth.*, 305 AD2d 666 [2003]; *Maxwell v Snapper, Inc.*, 249 AD2d 374 [1998]). Skelos, J.P., Dillon, Angiolillo, Eng and Sgroi, JJ., concur.