■ CRAIG JACOBS, Respondent, v HENRY H. JOHNSTON, JR., Appellant. [948 NYS2d 321]—

Since the defendant moved to vacate the note of issue within the time prescribed for doing so pursuant to 22 NYCRR 202.21 (e), and clearly demonstrated that the case was not ready for trial, that branch of the defendant's motion which was to vacate the note of issue and, in effect, to compel the deposition of a nonparty witness should have been granted (see CPLR 2103 [b] [2]; Gallo v SCG Select Carrier Group, L.P., 91 AD3d 714 [2012]; Tirado v Miller, 75 AD3d 153, 157 [2010]). Furthermore, since the defendant timely moved to vacate the note of issue, he was required only to demonstrate why the case was not ready for trial, and was not required to establish that additional discovery was necessary because unusual or unanticipated circumstances had developed subsequent to the filing of the note of issue (see 22 NYCRR 202.21 [d], [e]; Mosley v Flavius, 13 AD3d 346 [2004]; Rizzo v DeSimone, 287 AD2d 609, 610 [2001]; Perla v Wilson, 287 AD2d 606 [2001]; Audiovox Corp. v Benyamini, 265 AD2d 135, 139 [2000]).

In opposition to the plaintiff's cross motion to quash the subpoena served by the defendant upon the nonparty witness, the defendant demonstrated, inter alia, that the disclosure

sought was relevant, material, and necessary to the defense of the action (*see* CPLR 3101 [a] [4]; *Kondratick v Orthodox Church in Am.*, 73 AD3d 708, 709 [2010]; *Tenore v Tenore*, 45 AD3d 571, 571-572 [2007]; *Thorson v New York City Tr. Auth.*, 305 AD2d 666 [2003]; *Maxwell v Snapper, Inc.*, 249 AD2d 374 [1998]). Contrary to the plaintiff's contention, the defendant did not waive his right to seek discovery from the nonparty witness by failing to raise an objection with respect thereto at the certification conference. Since the identity of the nonparty witness was not made known to the defendant until after the date of the certification conference, and the defendant timely moved to vacate the note of issue, the defendant could not be deemed to have waived his right to compel the nonparty witness to comply with the subpoena and to appear for a deposition (*cf. Jones v Grand Opal Constr. Corp.*, 64 AD3d 543, 544 [2009]; *James v New York City Tr. Auth.*, 294 AD2d 471, 472 [2002]). Accordingly, the plaintiff's cross motion to quash the subpoena should have been denied.

The plaintiff's remaining contentions are either without merit or improperly raised for the first time on appeal. Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.