In two related actions, inter alia, to recover damages for use and occupancy of real property, which were joined for trial, Danica Group, LLC, the defendant in action No. 1 and the plaintiff in action No. 2, appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated March 22, 2012, which denied its motion to vacate the note of issue in each action and to compel the deposition of a nonparty witness.
Ordered that the order is reversed, on the law, with costs, and the motion of Danica Group, LLC, to vacate the note of issue in each action and to compel the deposition of a nonparty witness is granted.
The Supreme Court should have granted the motion of Danica Group, LLC (hereinafter Danica), to vacate the note of issue in each action and to compel the deposition of a nonparty witness. Danica moved to vacate the notes of issue within the time prescribed for doing so pursuant to 22 NYCRR 202.21 (e), and demonstrated that discovery was not complete in that the deposition of a nonparty witness had not taken place and the actions were not ready for trial (see Jacobs v Johnston, 97 AD3d 538 [2012]; Gallo v SCG Select Carrier Group, L.P., 91 AD3d 714 [2012]). Contrary to the contention of Kent Realty, LLC, the subpoena served by Danica upon the nonparty witness was *928 not untimely or unauthorized (see Jacobs v Johnston, 97 AD3d at 538). Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.