■ NEW YORK SCHOOLS INSURANCE RECIPROCAL, as Subrogee of West Babylon Union Free School District, Respondent, v MILBURN SALES CO., INC., Doing Business as MILBURN CARPET ONE FLOORS & HOME and Another, Appellant. [963 NYS2d 152]—

In an action to recover damages for injury to property, the defendant appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), entered January 10, 2012, which granted the plaintiff's motion pursuant to CPLR 2304 to quash certain subpoenas and denied its cross motion to compel compliance with the subpoenas and the related notices to take the depositions of certain nonparties, "with leave to renew in the event that further discovery in this action demonstrates defendant is entitled to such relief."

Ordered that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was to quash the subpoenas insofar as they sought documents and substituting therefor a provision denying that branch of the motion; and (2) by deleting the provision thereof denying that branch of the defendant's cross motion which was to compel compliance with the subpoenas insofar as they sought documents and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

This action has its genesis in a fire which occurred on February 18, 2010, at South Bay Elementary School in West Babylon, and caused extensive damage. On the day of the fire, the defendant, Milburn Sales Co., Inc., doing business as Milburn Carpet One Floors & Home, and doing business as Milburn Flooring Mills (hereinafter Milburn), had been performing painting and

sanding work at the school gym. The plaintiff, New York Schools Insurance Reciprocal, as subrogee of West Babylon Union Free School District, retained the services of nonparty Russo Consultants, Inc. (hereinafter Russo), to investigate the loss. The plaintiff admits that three Russo employees were present during the on-scene fire investigation conducted by the Town of Babylon Fire Marshal on the night of the fire, on the day after the fire, and on February 22, 2010. Six days after the fire, in a letter to Milburn and its insurer dated February 24, 2010, the plaintiff's counsel stated that "[a]lthough the exact cause of the fire is still under investigation, preliminary investigation has uncovered physical evidence that supports a finding that painting supplies and other material were disposed of in an improper manner by employees of Milburn." The Fire Marshal's report concluded that the fire was caused by "careless discarding of material known to spontaneously combust."

After the commencement of this action, Milburn served subpoenas seeking documentation from Russo, as well as the deposition testimony of the three Russo employees referred to above. At the same time, Milburn also separately served upon these individuals "notice[s] to take non-party depositions." The plaintiff moved to quash the subpoenas pursuant to CPLR 2304, arguing, inter alia, that the material requested was prepared in anticipation of litigation, and that Milburn had not shown a substantial need for such material. Milburn opposed the motion, and cross-moved to compel compliance with the subpoenas and the related notices to take the depositions. Without explanation, the Supreme Court granted the motion to quash, and denied the cross motion "with leave to renew in the event that further discovery in this action demonstrates defendant is entitled to such relief."

The general rule is that there shall be "full disclosure of all matter material and necessary in the prosecution or defense of an action" (CPLR 3101 [a]). However, materials prepared in anticipation of litigation or for trial may be obtained only upon a showing that the party seeking discovery has "substantial need" for the materials and is unable to obtain the information without "undue hardship" (CPLR 3101 [d] [2]). "The burden of proving that a statement is privileged as material prepared solely in anticipation of litigation or trial is on the party opposing discovery" (*Sigelakis v Washington Group, LLC*, 46 AD3d 800, 800 [2007]; *see Agovino v Taco Bell 5083*, 225 AD2d 569, 571 [1996]; *Crazytown Furniture v Brooklyn Union Gas Co.*, 145 AD2d 402 [1988]). More particularly, "the party asserting the privilege that material sought through discovery was prepared

exclusively in anticipation of litigation . . . bears the burden of demonstrating that the material it seeks to withhold is immune from discovery (*see Koump v Smith*, 25 NY2d 287, 294 [1969]) by identifying the particular material with respect to which the privilege is asserted and *establishing with specificity that the material was prepared exclusively in anticipation of litigation*" (*Ural v Encompass Ins. Co. of Am.*, 97 AD3d 562, 566 [2012] [emphasis added]; *see Chakmakjian v NYRAC, Inc.*, 154 AD2d 644, 645 [1989]; *Crazytown Furniture v Brooklyn Union Gas Co.*, 145 AD2d 402 [1988]). An attorney's affirmation containing conclusory assertions that requested documents are conditionally immune from disclosure pursuant to CPLR 3101 (d) (2) as material prepared in anticipation of litigation, without more, is insufficient to sustain the movant's burden of demonstrating that the materials were prepared exclusively for litigation (*see Koump v Smith*, 25 NY2d 287 [1969]; *Santana v Seagrave Fire Apparatus*, 248 AD2d 458 [1998]; *Galyas v Giordano*, 241 AD2d 539 [1997]; *Merrick v Niagara Mohawk Power Corp.*, 144 AD2d 878 [1988]).

Here, the plaintiff failed to meet its burden of establishing that the requested material was prepared solely in anticipation of litigation and, thus, is protected from disclosure by the qualified immunity privilege of CPLR 3101 (d) (2). Indeed, the plaintiff did not articulate any actual basis or specific reasoning for its conclusory assertion that investigative material prepared by Russo was generated exclusively in anticipation of litigation. Moreover, inasmuch as Russo's employees investigated the premises immediately after the fire occurred on February 18, 2010, it is clear that they were present on the scene before any determination had been made as to the cause of the fire. In fact, in his February 24, 2010, letter to Milburn, the plaintiff's counsel acknowledged that the cause of the fire had yet to be determined. Under these circumstances, the materials generated by the Russo employees as a result of their investigations, which were conducted during the week immediately after the fire occurred, were not "prepared in anticipation of [this] litigation" (CPLR 3101 [d] [2]), since such subrogation litigation could not have been anticipated until the cause of the fire had been ascertained. Since the plaintiff did not establish that the requested material was protected by the qualified immunity privilege set forth in CPLR 3101 (d) for material prepared exclusively in anticipation of litigation, there was no need for Milburn to establish that it had "substantial need" for the material or would sustain "undue hardship" if the material were not produced. Moreover, Milburn demonstrated that the document disclosure sought by its subpoenas was relevant, material,

and necessary (*see Tenore v Tenore*, 45 AD3d 571, 571-572 [2007]) to its defense of this action. Accordingly, it was an improvident exercise of the Supreme Court's discretion for it to grant that branch of the plaintiff's motion which was to quash Milburn's subpoenas insofar as they sought the requested documentation, and to deny that branch of Milburn's motion which was to compel compliance therewith (*see Kondratick v Orthodox Church in Am.*, 73 AD3d 708 [2010]; *Hartford v Black & Decker [US]*, 221 AD2d 986 [1995]; *cf. Lamitie v Emerson Elec. Co.-White Rodgers Div.*, 208 AD2d 1081 [1994]). However, under the circumstances of this case, the court providently exercised its discretion in denying that branch of Milburn's cross motion which was to compel compliance with the notices to take the depositions of the three Russo employees, with leave to renew such motion after further discovery. Dillon, J.P., Angiolillo, Leventhal and Sgroi, JJ., concur.