In an action to recover damages for personal injuries, the defendant and third-party plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered August 7, 2012, as granted that branch of the motion of the third-party defendant W.J. Bell Plumbing & Heating, Inc., doing business as William J. Bell Plumbing & Heating, Inc., which was to sever the third-party action, and denied that branch of its cross motion which was to vacate the note of issue.
Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with one bill of costs, that branch of the motion of the third-party defendant W.J. Bell Plumbing and Heating, Inc., doing business as William J. Bell Plumbing & Heating, Inc., which was to sever the third-party action is denied, and that branch of the cross motion of the defendant and third-party plaintiff which was to vacate the note of issue is granted.
The Supreme Court improvidently exercised its discretion in granting that branch of the motion of the third-party defendant WJ. Bell Plumbing and Heating, Inc., doing business as William J. Bell Plumbing & Heating, Inc. (hereinafter Bell), which was to sever the third-party action from the main action (see CPLR 603; 1010). Although the defendant and third-party plaintiff, the Municipal Housing Authority of the City of Yonkers (hereinafter the Authority), may have delayed in commencing the third-party action, where, as here, the Authority is seeking common-law indemnification from the third-party defendants, and the actions involve common factual and legal issues, a single trial is appropriate in the interest of judicial economy and to avoid the possibility of inconsistent jury verdicts (see Boeke v Our Lady of Pompei School, 73 AD3d 825, 826 [2010]; Quiroz v Beitia, 68 AD3d 957, 960 [2009]; Curreri v Heritage Prop. Inv. Trust, Inc., 48 AD3d 505, 507 [2008]; Ingoglia v Leshaj, 1 AD3d 482, 485 [2003]).
The Supreme Court also improvidently exercised its discre *950 tion in denying that branch of the Authority’s cross motion which was to vacate the note of issue, since the certificate of readiness contained misstatements of material fact, and the third-party defendants were not afforded a reasonable opportunity to conduct discovery proceedings (see 22 NYCRR 202.21 [e]; Young v Destaso Funding, LLC, 92 AD3d 778 [2012]; Costanza v Skyline Towers 5, 8 AD3d 524, 525 [2004]). Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.