■ ALEXANDER BREYTMAN, Appellant, v OLINVILLE REALTY, LLC, Respondent. [972 NYS2d 680]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Lewis, J.), dated May 6, 2011, which, among other things, granted those branches of the defendant's motion which were to compel him to sign authorizations for the release of certain medical records, to compel him to appear for a deposition, and to vacate the note of issue, and (2) a second order of the same court, also dated May 6, 2011, which, sua sponte, enjoined him from submitting any further motions or cross motions without leave of the court.

Ordered that on the Court's own motion, the notice of appeal is deemed to also be an application for leave to appeal from the second order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the orders are affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

Contrary to the plaintiff's contention, the Supreme Court properly granted those branches of the defendant's motion which were to compel him to sign authorizations for the release of certain medical records, to compel him to appear for a deposition, and to vacate the note of issue. The Supreme Court correctly compelled the plaintiff to sign the authorizations since he

placed his medical condition at issue (*see Diamond v Ross Orthopedic Group, P.C.*, 41 AD3d 768 [2007]). The Supreme Court also correctly compelled the plaintiff to appear for a deposition, since the defendant demonstrated that the deposition was reasonably calculated to result in the disclosure of facts necessary to defend the action (*see Friel v Papa*, 56 AD3d 607 [2008]). Since the defendant moved to vacate the note of issue within the time prescribed for doing so pursuant to 22 NYCRR 202.21 (e), and demonstrated that discovery was not complete in that the deposition of the plaintiff had not occurred, medical authorizations still had not been provided, and the action was not ready for trial, the note of issue was properly vacated (*see Kent Realty, LLC v Danica Group, LLC*, 102 AD3d 927 [2013]; *Jacobs v Johnston*, 97 AD3d 538 [2012]; *Gallo v SCG Select Carrier Group, L.P.*, 91 AD3d 714 [2012]).

Further, the Supreme Court properly enjoined the plaintiff from submitting any further motions or cross motions without leave of the court, based on his abuse of the judicial process (*see Matter of Nieves-Ford v Gordon*, 53 AD3d 581 [2008]; *Matter of Simpson v Ptaszynska*, 41 AD3d 607 [2007]; *Matter of Pignataro v Davis*, 8 AD3d 487 [2004]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.