In an action to recover damages for personal injuries, the defendants Kenny Barrios and Boris J. Ortiz appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Sampson, J.), dated October 29, 2013, as denied their motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them and, in effect, denied that branch of their separate motion which was pursuant to 22 NYCRR 202.21 to vacate the note of issue.
Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, denying that branch of the motion of the defendants Kenny Barrios and Boris J. Ortiz which was pursuant to 22 NYCRR 202.21 to vacate the note of issue, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants Kenny Barrios and Boris J. Ortiz.
The plaintiffs were passengers in a taxicab, which was operated by the defendant Barton Rampil and owned by the defendant Adri Leasing Corp. (hereinafter Adri), when it was involved in an accident with a vehicle, operated by the defendant Kenny Barrios and owned by the defendant Boris J. Ortiz (hereinafter together the appellants), at the intersection of Rockaway Boulevard and Guy R. Brewer Boulevard, in Queens.
The plaintiffs moved for summary judgment on the issue of liability and the appellants moved for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them. The Supreme Court denied both of those motions on a procedural ground, without prejudice. While the motions were pending, no discovery was conducted.
The appellants moved again for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them on the ground that Rampil’s actions were *856 the sole proximate cause of the accident. While this motion was pending, no discovery was conducted.
Pursuant to a compliance conference order, the plaintiffs filed their note of issue. Thereafter, the appellants moved, inter alia, pursuant to 22 NYCRR 202.21 to vacate the note of issue.
The Supreme Court denied the appellants’ motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them as premature. The court also, in effect, denied that branch of the appellants’ motion which was to vacate the note of issue.
A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment (see Video Voice, Inc. v Local T.V., Inc., 114 AD3d 935 [2014]; Bank of Am., N.A. v Hillside Cycles, Inc., 89 AD3d 653 [2011]; Venables v Sagona, 46 AD3d 672, 673 [2007]). A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party’s position may exist but cannot then be stated (see CPLR 3212 [f]; Nicholson v Bader, 83 AD3d 802 [2011]; Family-Friendly Media, Inc. v Recorder Tel. Network, 74 AD3d 738, 739 [2010]; Juseinoski v New York Hosp. Med. Ctr. of Queens, 29 AD3d 636, 637 [2006]).
Here, it is undisputed that no discovery had been conducted in this case prior to the filing of the appellants’ motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them. Moreover, the plaintiffs raised issues requiring deposition testimony from the drivers of both vehicles in order to oppose the appellants’ motion. Accordingly, the Supreme Court properly denied the appellants’ motion as premature.
However, the Supreme Court should have granted that branch of the appellants’ separate motion which was to vacate the note of issue, since the appellants moved within the time prescribed for doing so pursuant to 22 NYCRR 202.21 (e) and clearly demonstrated that no discovery had been conducted in this action (see Breytman v Olinville Realty, LLC, 110 AD3d 753, 754 [2013]; Kent Realty, LLC v Danica Group, LLC, 102 AD3d 927, 927 [2013]; Jacobs v Johnston, 97 AD3d 538, 538 [2012]; Gallo v SCG Select Carrier Group, L.P., 91 AD3d 714, 714 [2012]).
Eng, PJ., Austin, Hinds-Radix and LaSalle, JJ., concur.