■ BALTEJ SINGH, Respondent, v CBCS CONSTRUCTION CORP. et al., Appellants. (And a Third-Party Action.) [27 NYS3d 403]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), entered September 11, 2015, as denied those branches of the motion of the defendant CBCS Construction Corp. which were to vacate the note of issue and to extend its time to move for summary judgment.

Ordered that the appeal by the defendant Pass Properties BK, LLC, is dismissed, as it is not aggrieved by the order appealed from (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]); and it is further,

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion of the defendant CBCS Construction Corp. which was to vacate the note of issue, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant CBCS Construction Corp.

The defendant CBCS Construction Corp. (hereinafter the defendant) moved, inter alia, to vacate the note of issue within the time prescribed for doing so pursuant to 22 NYCRR 202.21 (e). The defendant demonstrated that discovery was not complete in that the depositions of the parties and nonparty witnesses and physical examinations of the plaintiff had not occurred, properly executed medical authorizations had not been provided, there were outstanding requests for discovery, and the case was not ready for trial. Under these circumstances, the Supreme Court improvidently exercised its discretion in denying that branch of the defendant's motion which was to vacate the note of issue (*see Breytman v Olinville Realty, LLC*, 110 AD3d 753, 754 [2013]; *Kent Realty, LLC v Danica Group, LLC*, 102 AD3d 927 [2013]; *Jacobs v Johnston*, 97 AD3d 538 [2012]; *Costanza v Skyline Towers 5*, 8 AD3d 524, 525 [2004]).

In light of our determination, we need not address the defendant's remaining contention. Leventhal, J.P., Miller, Maltese and Duffy, JJ., concur.