■ SURESH CHANDER, Respondent, v EAGLE SANITATION, INC., et al., Appellants. [57 NYS3d 893]—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Raffaele, J.), dated August 23, 2016, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied as premature, with leave to renew upon the completion of discovery.

A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment (see CPLR 3212 [f]; Brea v Salvatore, 130 AD3d 956 [2015]; Malester v Rampil, 118 AD3d 855, 856 [2014]). Here, the plaintiff moved for summary judgment on the issue of liability approximately two months after the defendants filed their answer, and the defendants did not have an adequate opportunity to conduct discovery (see Okula v City of New York, 147 AD3d 967, 968 [2017]; Brea v Salvatore, 130 AD3d at 956-957; Nicholson v Bader, 83 AD3d 802 [2011]; Amico v Melville Volunteer Fire Co., Inc., 39 AD3d 784, 785 [2007]). Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability as premature, with leave to renew upon the completion of discovery. Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur.