Haxhijaj v Ferrer (2018 NY Slip Op 07416)





Haxhijaj v Ferrer


2018 NY Slip Op 07416


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-08992
 (Index No. 505890/15)

[*1]Arben Haxhijaj, appellant,
v
Michael A. Ferrer, respondent.


William Pager, Brooklyn, NY, for appellant.
Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Marshall D. Sweetbaum], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated July 19, 2017. The order denied the plaintiff's motion for summary judgment on the issue of liability without prejudice to renew.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by him as a result of a collision between his vehicle and the defendant's vehicle at a gas station in Brooklyn. The plaintiff moved for summary judgment on the issue of liability, and the Supreme Court denied the motion without prejudice to renew. The plaintiff appeals.
In a personal injury action, a party should generally be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment (see CPLR 3212[f]; Brea v Salvatore, 130 AD3d 956; Malester v Rampil, 118 AD3d 855, 856). Here, little discovery has taken place, and depositions of the parties have not yet occurred. Moreover, the defendant submitted evidence suggesting that further discovery might lead to relevant evidence pertaining to the circumstances of the accident (see Hawana v Carbuccia, 164 AD3d 563; Worley v Safemove Rental, 120 AD3d 667, 668). Accordingly, we will not disturb the Supreme Court's determination to deny the plaintiff's motion for summary judgment on the issue of liability without prejudice to renew (see Takhalov v Rottenberg, 128 AD3d 678; Amico v Melville Volunteer Fire Co., Inc., 39 AD3d 784, 785).
RIVERA, J.P., MALTESE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court