Pinella v Crescent St. Corp. (2019 NY Slip Op 07427)





Pinella v Crescent St. Corp.


2019 NY Slip Op 07427


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2016-04311
 (Index No. 593/14)

[*1]Amelia Pinella, etc., respondent, 
v
Crescent St. Corp., appellant, et al., defendants.


Maizes & Maizes, LLP, Bronx, NY (Michael H. Maizes of counsel), for appellant.
Mallilo & Grossman, Flushing, NY (Jessica Kronrad of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to set aside a conveyance as fraudulent pursuant to Debtor and Creditor Law article 10, the defendant Crescent St. Corp. appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered March 21, 2016. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 1993, the plaintiff commenced an action against the defendant Crescent St. Corp. (hereinafter Crescent) to recover damages for injuries she allegedly sustained when she fell on property then owned by Crescent (hereinafter the property). After Crescent failed to appear in that action, the Supreme Court entered a judgment in favor of the plaintiff in the total sum of $27,452.51. The judgment was docketed in the Queens County Clerk's Office on October 7, 1998, thus creating a 10-year lien on the property (see CPLR 5203[a]). On January 31, 2008, Crescent sold the property to the defendant QPII 38-05 Crescent Street, LLC (hereinafter QPII). An attempt in August 2008 by the City Marshal to execute the judgment against the property on behalf of the plaintiff was unsuccessful.
In 2011, the plaintiff moved in the 1993 action to set aside the conveyance of the property to QPII as fraudulent and to extend the judgment lien for another 10 years. By order dated July 6, 2012, the Supreme Court denied the motion, finding that it did not have jurisdiction over QPII or First American Title Insurance Company (hereinafter First American), the title insurance company involved in the conveyance, and that the plaintiff failed to timely commence an action for a renewal judgment. The plaintiff appealed from so much of the order as denied that branch of her motion which was to extend the term of the judgment lien. This Court affirmed the July 2012 order insofar as appealed from, concluding that, although an action for a renewal judgment was not time-barred, the plaintiff had improperly moved in the 1993 action to renew the judgment lien rather than commencing a new action (see Guerra v Crescent St. Corp., 120 AD3d 754, 755-756).
In January 2014, the plaintiff commenced the instant action against, among others, Crescent, QPII, and First American, alleging, inter alia, that Crescent fraudulently conveyed the property to QPII in violation of Debtor and Creditor Law article 10. The plaintiff sought, among other things, damages, to set aside the transfer of the property, and to extend the judgment lien. Although Crescent answered the complaint, it did not appear at a preliminary conference or a subsequent compliance conference.
Crescent moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Crescent argued that this action was barred by the doctrines of res judicata and collateral estoppel. Crescent also argued that the action was time-barred, but that if the action was not time-barred, the cause of action premised upon Debtor and Creditor Law article 10 was without merit. The Supreme Court denied the subject branch of Crescent's motion, finding that the action was not barred by the doctrines of res judicata or collateral estoppel, and that the action was not time-barred. Moreover, the court found that the plaintiff was entitled to discovery and that the motion was, therefore, premature. On its appeal from the denial of that branch of its motion, Crescent argues only that the motion was not premature.
CPLR 3212(f) permits a party opposing a motion for summary judgment to obtain further discovery when it appears that facts supporting the position of the opposing party exist but cannot be stated (see Rutherford v Brooklyn Navy Yard Dev. Corp., 174 AD3d 932; Video Voice, Inc. v Local T.V., Inc., 114 AD3d 935). A party seeking denial of a summary judgment motion based upon CPLR 3212(f) "is required to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Singh v Avis Rent A Car Sys., Inc., 119 AD3d 768, 770; see Boorstein v 1261 48th St. Condominium, 96 AD3d 703, 704).
Here, at the time that Crescent made the subject motion, no discovery had taken place, and depositions of the parties had yet to occur (see Haxhijaj v Ferrer, 166 AD3d 592, 593; Hawana v Carbuccia, 164 AD3d at 564; Malester v Rampil, 118 AD3d 855, 856). The papers submitted to the Supreme Court by the parties establish that discovery with respect to relevant issues raised by Crescent in its motion was necessary to oppose the motion (see Rutherford v Brooklyn Navy Yard Dev. Corp., 174 AD3d at 932; Haxhijaj v Ferrer, 166 AD3d at 593). Thus, the plaintiff was entitled to conduct discovery which may result in disclosure of relevant information (see CPLR 3212[f]).
Accordingly, we agree with the Supreme Court's determination that the branch of Crescent's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it was premature. Crescent's remaining contentions are improperly raised for the first time on appeal, or refer to matter dehors the record which will not be considered (see Bank of America, N.A. v Shami, 173 AD3d 954, 956; Schondorf v Brookville Energy Partners, 303 AD2d 396).
RIVERA, J.P., AUSTIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court