Cascio v YRC, Inc. (2020 NY Slip Op 02999)





Cascio v YRC, Inc.


2020 NY Slip Op 02999


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2019-06995
 (Index No. 707271/18)

[*1]Anthony Cascio, appellant,
v
YRC, Inc., et al., respondents.


Cellino & Barnes, P.C., New York, NY (Jordan Finkelstein of counsel), for appellant.
Salmon, Ricchezza, Singer & Turchi, LLP, New York, NY (Jeffrey A. Segal and Ian Kingsley of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam B. Jackman Brown, J.), entered April 10, 2019. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On May 7, 2017, the plaintiff allegedly was injured when the vehicle he was operating was struck by a vehicle operated by the defendant Willie Wheeler and owned by the defendant YRC, Inc. (hereinafter YRC). In May 2018, the plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in the accident. YRC interposed an answer to the complaint on July 3, 2018, and Wheeler interposed his answer on August 21, 2018.
On September 24, 2018, prior to the exchange of any discovery, the plaintiff made the instant motion for summary judgment on the issue of liability. The defendants opposed the motion, arguing, among other things, that summary judgment was premature. In the order appealed from, the Supreme Court denied the plaintiff's motion as premature.
"A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Cajas-Romero v Ward, 106 AD3d 850, 852; see Pinella v Crescent St. Corp., 176 AD3d 985). Here, the plaintiff moved for summary judgment on the issue of liability approximately one month after Wheeler filed his answer, and prior to the exchange of any discovery (see Amyotte v Armic Serv. Corp., 167 AD3d 558; Chander v Eagle Sanitation, Inc., 153 AD3d 658), and the record reflects that discovery might lead to relevant evidence pertaining to the circumstances of the accident (see Haxhijaj v Ferrer, 166 AD3d 592, 593; Hawana v Carbuccia, 164 AD3d 563, 565).
Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion for summary judgment on the issue of liability.
RIVERA, J.P., CHAMBERS, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court