Gelin v New York City Tr. Auth. (2020 NY Slip Op 07171)





Gelin v New York City Tr. Auth.


2020 NY Slip Op 07171


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2018-03333
2018-03334
2018-04701
2018-04702
 (Index No. 8384/14)

[*1]Gina Gelin, respondent, 
v
New York City Transit Authority, appellant, et al, defendant.


Armienti, DeBellis, Guglielmo & Rhoden, LLP, New York, NY (Vanessa M. Corchia of counsel), for appellant.
Elefterakis, Elefterakis & Panek, New York, NY (Oliver R. Tobias of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from (1) an order of the Supreme Court, Kings County (Donald Scott Kurtz, J.), dated November 2, 2017, (2) an order of the same court (Kenneth P. Sherman, J.) dated February 1, 2018, (3) an order of the same court (Donald Scott Kurtz, J.) dated March 8, 2018, and (4) an order of the same court (Donald Scott Kurtz, J.) dated April 12, 2018. The order dated November 2, 2017, insofar as appealed from, upon the stipulation of the plaintiff and the defendant New York City Transit Authority, denied those branches of that defendant's motion which were to vacate the note of issue and compel the plaintiff to provide certain discovery. The order dated February 1, 2018, insofar as appealed from, denied that defendant's motion to the extent that the defendant sought discovery beyond that granted in the order dated November 2, 2017. The order dated March 8, 2018, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 3126 to strike the complaint, to compel disclosure regarding the plaintiff's alleged need for further surgery and, upon renewal of that defendant's previous motion, to vacate the note of issue and direct the plaintiff to provide certain discovery and to appear for a supplemental deposition and physical examination. The order dated April 12, 2018, denied that defendant's motion to preclude the plaintiff from providing any evidence on damages or to vacate the note of issue and strike the case from the trial calendar.
ORDERED that the appeal from the order dated November 2, 2017, is dismissed, as no appeal lies from an order entered on the consent of the appealing party (see CPLR 5511); and it is further,
ORDERED that the order dated February 1, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated March 8, 2018, is modified, on the law, the facts, and in the exercise of discretion, by (1) deleting the provisions thereof denying those branches of the motion of the defendant New York City Transit Authority which were to direct the plaintiff to [*2]provide authorizations permitting the release of medical records from Stuart B. Kahn, and, upon renewal, to vacate the note of issue and direct the plaintiff to appear for a supplemental deposition concerning only a prior accident in 2004 and a subsequent accident in 2015 and related treatment, and a supplemental physical examination, and substituting therefor a provision granting those branches of that defendant's motion; (2) deleting the provision thereof directing the plaintiff to provide authorizations for records related to a prior accident occurring in 2004, and substituting therefor a provision directing the plaintiff to provide authorizations for all records arising out of a prior accident occurring on September 12, 2004; and (3) deleting the provision thereof denying that branch of that defendant's motion which was pursuant to CPLR 3126 to strike the complaint, and substituting therefor a provision granting that branch of the motion only to the extent of directing the plaintiff personally to pay the sum of $3,000 as a sanction to that defendant; as so modified, the order dated March 8, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that the appeal from so much of the order dated April 12, 2018, as denied those branches of the motion of the defendant New York City Transit Authority which were to vacate the note of issue and strike the case from the trial calendar is dismissed as academic in light of our determination on the appeal from the order dated March 8, 2018; and it is further,
ORDERED that the order dated April 12, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that the sanction shall be paid within 60 days after service upon the plaintiff's counsel of a copy of this decision and order; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained on November 19, 2013, in a motor vehicle accident with a bus owned by the defendant New York City Transit Authority (hereinafter the defendant). In her bill of particulars, the plaintiff alleged that she sustained injuries to her neck, back, and right knee. She alleged that, as a result, she underwent two surgeries in 2014. At her examination before trial on May 7, 2015, the plaintiff testified that she had a prior "fender bender" in "about 2002," but had no other prior or subsequent accidents. The defendant thereafter demanded authorizations for records arising from the 2002 accident. The plaintiff failed to respond to the demand, and yet she filed a note of issue certifying that discovery was complete.
The defendant thereafter discovered that the plaintiff had been involved in a prior motor vehicle accident on September 12, 2004, as a result of which her vehicle overturned and for which she sought medical treatment for neck and back injuries, and that she was involved in a subsequent motor vehicle accident on July 2, 2015, after which she was transported to the hospital with complaints of neck and back pain. The defendant demanded authorizations for records relating to the 2004 and 2015 accidents, and demanded that the plaintiff appear for a supplemental deposition and supplemental physical examination. The plaintiff objected to the post-note of issue discovery and, in response to the prior demand and a court order, advised the defendant that she did not receive medical treatment following "a 2002 motor vehicle accident." In February 2018, the plaintiff served a supplemental bill of particulars alleging that she would require future revision surgery, discectomy, and fusion, and other treatment as set forth in a plan created by an expert witness, Stuart B. Kahn. Motion practice regarding the requested discovery and the supplemental bill of particulars resulted in four orders, from which the defendant appeals.
The appeal from the order dated November 2, 2017, must be dismissed, as that order was issued upon the stipulation of the parties, and no appeal lies from an order entered on the consent of the appealing party (see CPLR 5511; Matter of Shu Jiao Zhao v Wei Rong, 183 AD3d 898, 898; Matter of Hopkins v Hopkins, 178 AD3d 1045, 1045-1046).
We agree with the Supreme Court's determination in the order dated February 1, 2018, to deny the defendant's motion to the extent it sought additional discovery beyond what was granted in the order dated November 2, 2017, which was issued by a different judge. To the extent [*3]the defendant sought such additional discovery, the motion was, in effect, for renewal or reargument of the prior motion. Absent exceptions not relevant here, such motions must be made to the judge who signed the initial order (see CPLR 2221[a]; Doscher v Doscher, 54 AD3d 890, 890).
In the order dated March 8, 2018, the Supreme Court, among other things, denied those branches of the defendant's motion which were pursuant to CPLR 3126 to strike the complaint, to compel disclosure regarding the plaintiff's alleged need for further surgery and, upon renewal of a previous motion by the defendant, to vacate the note of issue and direct the plaintiff to provide certain discovery and to appear for a supplemental deposition and physical examination. In the order dated April 12, 2018, the court denied the defendant's motion to preclude the plaintiff from providing any evidence on damages or to vacate the note of issue and strike the case from the trial calendar.
"Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party 'refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed'" (Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1019, 1019). The nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter within the discretion of the court (see Smookler v Dicerbo, 166 AD3d 838, 839). Nevertheless, public policy strongly favors the resolution of cases on their merits (see Warner v Orange County Regional Med. Ctr., 126 AD3d 887, 887). Therefore, the drastic remedies of striking a pleading or precluding evidence are not appropriate absent a clear showing that the failure to comply with discovery demands was willful and contumacious (see CPLR 3126[3]; Gafarova v Yale Realty, LLC, 174 AD3d 862, 863; Strong v Delemos, 172 AD3d 940, 942). In this case, the record does not establish a clear pattern of willfulness and contumacious conduct necessary to justify the sanctions of striking the complaint or precluding the plaintiff from offering evidence of damages. Nevertheless, under the circumstances of this case, in particular the plaintiff's misrepresentations in her deposition testimony regarding the date and severity of her prior accident, we find as a matter of discretion that a monetary sanction in the sum of $3,000, payable by the plaintiff personally to the defendant, constitutes an appropriate sanction (see CPLR 3126; L & L Auto Distribs. & Suppliers Inc. v Auto Collection, Inc., 85 AD3d 734; Dean v Usine Campagna, 44 AD3d 603, 605).
Furthermore, in the order dated March 8, 2018, the Supreme Court should have vacated the note of issue on the ground that discovery had not been concluded (see Ruiz v Park Gramercy Owners Corp., 182 AD3d 471, 471; Singh v CBCS Constr. Corp., 137 AD3d 1250, 1250), and directed the plaintiff to provide certain additional discovery. The defendant established that discovery was not complete, and established "good cause" for its late motions to vacate the note of issue (22 NYCRR 202.21[e]). The defendant's discovery, after the filing of the note of issue, that the plaintiff had been involved in prior and subsequent accidents involving the same body parts alleged to have been injured in the subject accident constitutes unusual or unanticipated circumstances warranting further discovery (see Jones v Seta, 143 AD3d 482, 482-483; Lopez v Kelly St. Realty, Inc., 106 AD3d 534, 535; see also Perla v Wilson, 287 AD2d 606, 606), including a supplemental deposition of the plaintiff concerning only the prior and subsequent accidents and related treatment (see Jones v Seta, 143 AD3d at 482; Bravo v Vargas, 113 AD3d 577, 579). The plaintiff's supplemental bill of particulars, in which she alleged that the severity and extent of her existing injuries changed dramatically after the initial physical examination, warrants a supplemental physical examination (see Huggins v New York City Tr. Auth., 225 AD2d 732, 733; see generally Korolyk v Blagman, 89 AD2d 578, 579), as well as authorizations for the release of the plaintiff's medical records from Stuart B. Kahn.
We agree with the Supreme Court's determinations declining to compel production of any records which had not been the subject of a discovery demand (see CPLR 3124), and to direct the plaintiff to provide authorizations related to purported accidents in 2001 or 2002, since the record revealed that the plaintiff was not injured in any motor vehicle accidents that occurred in 2001 or 2002.
Finally, since the plaintiff provided authorizations for her 2004 accident that were improperly limited to one date of treatment and contained the incorrect accident date, we modify the [*4]March 8, 2018 order to clarify that the plaintiff is directed to provide authorizations for all records arising out of a prior accident occurring on September 12, 2004.
MASTRO, J.P., MILLER, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court