Henry v Atlantis Rehabilitation & Residential Healthcare Facility, LLC (2021 NY Slip Op 03308)





Henry v Atlantis Rehabilitation & Residential Healthcare Facility, LLC


2021 NY Slip Op 03308


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-08049
 (Index No. 9590/12)

[*1]Edwin Henry, etc., appellant,
v
Atlantis Rehabilitation and Residential Healthcare Facility, LLC, et al., respondents.


Sheryl R. Menkes (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
McGaw Alventosa & Zajac, Jericho, NY (Andrew Zajac of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lizette Colon, J.), dated June 5, 2019. The order, insofar as appealed from, in effect, granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the defendants' answer only to the extent of precluding the defendants from introducing certain evidence at trial, and otherwise denied that branch of the motion.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the defendants' answer is granted in its entirety.
The relevant background facts are set forth in this Court's decision and order on a related appeal (Henry v Atlantis Rehabilitation and Residential Healthcare Facility, LLC, _____ AD3d _____ [Appellate Division Docket No. 2018-11379; decided herewith]). In addition, as relevant to this appeal, the plaintiff served a supplemental demand for discovery and inspection dated May 15, 2017. The defendants served a response dated September 22, 2017, in which they objected to most of the demands as "overbroad, burdensome, irrelevant and not likely to lead to admissible evidence." In January 2019, the plaintiff served The Phoenix Rehabilitation and Nursing Center (hereinafter Phoenix), the entity which purchased the defendants' facility, with a so-ordered subpoena to produce the documents which the plaintiff previously demanded from the defendants. In March 2019, the plaintiff moved pursuant to CPLR 3126 to strike the defendants' answer for their failure to comply with discovery that was directed by the Supreme Court to be provided in orders dated December 21, 2016, and January 24, 2017. In an affirmation in support of the motion, the plaintiff's counsel stated that Phoenix did not comply with the subpoena for the stated reason that the prior administrator possessed the records. The defendants opposed the motion. The Supreme Court, in effect, granted that branch of the plaintiff's motion which was to strike the defendants' answer only to the extent of precluding the defendants from introducing certain evidence at trial. The plaintiff appeals.
"Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party 'refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed'" (Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1019, 1019; see Gelin v New York City Tr. Auth., 189 AD3d 789, 792). While the "'nature and degree of a penalty to be imposed [*2]under CPLR 3126 for discovery violations is addressed to the court's discretion'" (Abizeid v Turner Constr. Co., 172 AD3d 795, 795, quoting Crupi v Rashid, 157 AD3d 858, 859), "the Appellate Division is vested with its own discretion and corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845). The drastic remedy of striking a pleading is appropriate when there is a clear showing that the failure to comply with discovery demands or orders was willful and contumacious (see CPLR 3126[3]; Gelin v New York City Tr. Auth., 189 AD3d at 792-793). "The willful and contumacious character of a party's conduct can be inferred from the party's repeated failure to comply with discovery demands or orders without a reasonable excuse" (Mears v Long, 149 AD3d 823, 823-824).
Here, the plaintiff established that the defendants failed to comply with its demand for discovery and inspection served in 2012, its supplemental demands served in 2015 and 2017, and most of the preliminary conference order dated December 21, 2016, and the compliance conference order dated January 24, 2017. The defendants' contention that they were not in possession of the bulk of the requested material because it had been transferred to the new owner when the facility was sold is not reasonable since the facility was sold in January 2015, nearly 3 years after the action had been commenced and approximately 2½ years after the plaintiff served his first demand for discovery and inspection. Under these circumstances, the Supreme Court should have inferred that the defendants' repeated failure to fully respond to the plaintiff's discovery demands and to comply with the court's orders without an adequate explanation, was willful and contumacious (see Nationstar Mtge., LLC v Jackson,192 AD3d 813, 816). Thus, the court improvidently exercised its discretion in granting that branch of the plaintiff's motion pursuant to CPLR 3126 which was to strike the defendants' answer only to the extent of precluding the defendants from introducing certain evidence at trial (see Sparakis v Gozzer Corp., 177 AD3d 1011, 1012; Abizeid v Turner Constr. Co., 172 AD3d at 795; Lucas v Stam, 147 AD3d 921, 925).
DILLON, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court