Goldfinger v Freeland (2022 NY Slip Op 04295)

Goldfinger v Freeland

2022 NY Slip Op 04295

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-06382
 (Index No. 3904/19)

[*1]Toby E. Goldfinger, appellant, 
v
Tom C. Freeland, et al., respondents.

Bruce S. Reznick (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellant.
DeCicco Gibbons & McNamara, P.C., Oakland Gardens, NY (William A. Fitzgerald of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated July 28, 2020. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is modified, on the law, by adding a provision thereto that the denial of the plaintiff's motion for summary judgment on the issue of liability is without prejudice to renewal upon the completion of discovery; as so modified, the order is affirmed, without costs or disbursements.
"Should it appear from affidavits submitted in opposition to [a] motion [for summary judgment] that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion or may order a continuance to permit affidavits to be obtained or disclosure to be had and may make such other order as may be just" (CPLR 3212[f]; see Chander v Eagle Sanitation Inc., 153 AD3d 658; Brea v Salvatore, 130 AD3d 956; Malester v Rampil, 118 AD3d 855, 856). Under the circumstances of this case, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability without prejudice to renewal upon the completion of discovery.
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court