Dominguez v New York City Hous. Auth.
2026 NY Slip Op 03777
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Carolina Dominguez, respondent,
v
New York City Housing Authority, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-07761, (Index No. 508777/20)
Francesca E. Connolly, J.P.
Valerie Brathwaite Nelson
Barry E. Warhit
Elena Goldberg Velazquez, JJ.

Lester Schwab Katz & Dwyer, LLP (Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY [Patrick J. Lawless], of counsel), for appellant.
Krekhtman & Associates (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated April 10, 2024. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to preclude the defendant from offering any evidence at trial to the extent of precluding the defendant from testifying at a deposition or submitting an affidavit in support of or in opposition to a dispositive motion on the issue of liability.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was pursuant to CPLR 3126 to preclude the defendant from offering any evidence at trial is denied.
In June 2020, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she tripped and fell in the entrance to a building owned by the defendant. Following some discovery, the plaintiff moved, inter alia, pursuant to CPLR 3126 to preclude the defendant from offering any evidence at trial due to its alleged failure to provide complete and meaningful responses to the plaintiff's combined discovery demands and its failure to appear for deposition on or before November 10, 2023, as required by a prior order. The Supreme Court granted that branch of the plaintiff's motion to the extent of precluding the defendant from testifying at a deposition or submitting an affidavit in support of or in opposition to a dispositive motion on the issue of liability. The defendant appeals.
Pursuant to CPLR 3126, a court may impose discovery sanctions, including the preclusion of evidence, where a party "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed" (see Gibson v Delemos, 231 AD3d 710, 711-712 ; Gelin v New York City Tr. Auth., 189 AD3d 789, 792). The nature and degree of the penalty to be imposed pursuant to CPLR 3126 generally is a matter within the discretion of the court (see Gibson v Delemos, 231 AD3d at 712; Gelin v New York City Tr. Auth., 189 AD3d at 792). Nevertheless, public policy strongly favors the resolution of cases on their merits (see Gibson v Delemos, 231 AD3d at 712; Gelin v New York City Tr. Auth., 189 AD3d at 792). Thus, "[t]o invoke the drastic remedy of preclusion, the court must determine that the offending [*2]party's lack of cooperation with disclosure was willful, deliberate, and contumacious" (Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1019, 1019; see CPLR 3126[2]; Decius v 1362 Ocean, LLC, 222 AD3d 617, 618).
Here, the plaintiff failed to make a clear showing of a willful and contumacious failure by the defendant to comply with discovery demands or to appear for a deposition. The record demonstrates that the defendant substantially complied with the plaintiff's discovery demands and that the plaintiff failed to identify any specific deficiency in its responses (see Holand v Cascino, 122 AD3d 575, 576; Walter B. Melvin, Architects, LLC v 24 Aqueduct Lane Condominium, 51 AD3d 784, 785). Further, the plaintiff had also delayed in responding to court-ordered discovery during the same period of time. In addition, while the defendant failed to appear for a deposition by the court-ordered date, the plaintiff's deposition also was repeatedly delayed and finally taken just one week prior to the date set for the defendant's deposition. At her deposition, the plaintiff testified that the object she tripped over was part of a temporary door frame that was part of ongoing construction at the building, allegations that were not contained in the pleadings, which had identified the cause of her fall only as "the main entrance door saddle." Thereafter, the defendant commenced a third-party action against the contractor that had performed the construction at issue. Under these circumstances, the record does not support an inference that the defendant's failure to appear for a deposition was willful and contumacious (see Henry v Datson, 140 AD3d 1120, 1122; Kanic Realty Assoc., Inc. v Suffolk County Water Auth. 130 AD3d 876, 877).
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was pursuant to CPLR 3126 to preclude the defendant from offering any evidence at trial.
CONNOLLY, J.P., BRATHWAITE NELSON, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court